**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 24-435** |
| **MANOACH CHAYAUD** | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, through its attorneys, David Metcalf, United States Attorney, and David J. Ignall and Jessica Rice, Assistant United States Attorneys for the District, respectfully submits this trial memorandum to assist the Court during the trial scheduled to begin on August 31, 2026.

## I. <u>PROCEDURAL HISTORY</u>

The indictment in this case charges defendant Manoach Chayaud with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. According to the indictment, the defendant and his co-conspirators knowingly prepared false tax returns for clients, which resulted in those clients receiving tax refunds to which they were not entitled.

## II. <u>ELEMENTS OF CRIME CHARGED</u>

To prove a *Klein* conspiracy violation under 18 U.S.C. § 371, the government must show that:

(1) Two or more persons agreed "to defraud the United States," as charged in the indictment. "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property. It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

(2) The defendant was a party to or member of the agreement;

(3) The defendant joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States; and

(4) At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.[1]

## III. THE SCHEME

Defendant Manoach Chayaud recruited two individuals, both of whom will testify at this trial, to assist him in a scheme to file false tax returns on behalf of clients of his tax preparation business. The defendant set up a tax preparation business with an office in Indiana, where he lived, and an office in Philadelphia, where the two co-conspirators lived. The defendant taught the two co-conspirators how to prepare tax returns to increase client refunds by, among other things, filing false Schedules C claiming large losses for businesses that the client did not have, fraudulently claiming education credits, and fraudulently claiming Schedule A deductions. As a result, the defendant and his co-conspirators were able to increase the refunds for their clients and charge additional tax preparation fees. The defendant and one of the co-conspirators split the proceeds of the business. The other co-conspirator was paid a percentage of the fees the business charged.

---

[1] 3rd Circuit Model Criminal Jury Instructions, No. 6.18.371B (2021).

The defendant trained his co-conspirators in the preparation of false tax returns, both in person in Philadelphia and remotely from Indiana. He personally met with clients in Indiana when he prepared their false returns, and he reviewed and revised false tax returns prepared by his Philadelphia-based co-conspirators prior to filing the returns.

## IV. <u>WITNESSES</u>

A. A number of the taxpayers, including several taxpayers whose returns are listed in the indictment, will testify that certain items on their returns were false and that the false information was fabricated and placed on the returns by the defendant or one of his co-conspirators.

B. An IRS service center representative will authenticate tax returns and documents regarding the defendant's and his co-conspirators' filing of tax returns on behalf of clients. She will also offer an overview of the relevant tax schedules and forms included in the authenticated tax returns.

C. Absent a stipulation, a representative from Bank of America will authenticate the defendant's financial records.

D. Absent a stipulation, a representative from AT&T will authenticate phone records for the defendant.

E. Absent a stipulation, a representation from Drake Software will authenticate records showing tax filings by the defendant's business.

F. Absent a stipulation, a representative from Santa Barbara Tax Products Group will authenticate records showing tax filings and related fees charged by the defendant's business.

G. Two cooperating co-conspirators will testify that they prepared false returns on behalf of clients and that they shared the fees they charged with the defendant. They will also testify that the defendant taught them how to prepare false returns and routinely reviewed the false returns prepared by the co-conspirators before filing them on behalf of clients.

H. An IRS special agent from Indiana will testify about an interview with the defendant.

I. An IRS revenue agent will testify as a summary witness to identify various items on the tax returns prepared by the defendant and his co-conspirators. He will also testify, in general terms, about the effect of certain deductions on the tax owed by the client. The revenue agent will not offer any expert opinions, such as a specific calculation of a tax due and owing.

J. IRS Special Agent Alexander Johnson will testify about his participation in the criminal investigation, his interview with the defendant, and records the IRS recovered during a search of the defendant's business. Agent Johnson will also testify as a summary witness. He will summarize phone and bank records and introduce summary charts regarding those records.

## V. THE GOVERNMENT'S CASE

### A. Estimated Length of Trial

The government anticipates that its case-in-chief will last approximately three days.

### B. Certified Tax Returns

The government has provided the defendant copies of all the federal income tax returns that it intends to admit at trial. The government will call a witness from the IRS to authenticate these and other IRS records, such as applications for preparer and electronic filer identification

numbers. Certified copies of tax returns are also independently admissible pursuant to Federal Rule of Evidence 803(8).

### C. Stipulations

The government will submit proposed stipulations relating to the admissibility of business records to the defendant in order to streamline the trial and eliminate the need to call unnecessary witnesses. The government will provide a copy of any stipulations agreed to by the government and the defendant to the Court.

## VI. EVIDENTIARY ISSUES

### A. Cross-Examination of Cooperating Witnesses

The government plans to call two witnesses in this case who participated with the defendant in the charged conspiracy. Each witness has entered into a plea agreement with the government and is awaiting sentencing.

The defense may inquire about specific instances of the witness's conduct (other than the prior conviction) "if they are probative of the character for truthfulness or untruthfulness" of the witness. Fed. R. Evid. 608(b)(1). The rule bars the use of "extrinsic evidence . . . to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Thus, counsel may not challenge an answer from the witness regarding prior conduct by using extrinsic evidence. *See United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015).

**B. Exhibits – Presented in Electronic Format**

The government will provide defense counsel and the Court with both electronic versions and paper copies of the exhibits prior to trial. In addition, the government will have the exhibits loaded into trial software to allow for their display electronically to the jury.

**C. Unredacted Records**

Given the nature of the case, in which witnesses will be asked to identify personal identifying information ("PII") on tax returns and other documents, it may at times be necessary to use exhibits in which PII is not redacted. The government proposes that in such instances, such unredacted records be shown only to the Court, the witness, the jury, and the parties.

**D. Summary Charts**

The government intends to introduce into evidence summary charts summarizing tax returns, bank records, and phone records in this case. Under Federal Rule of Evidence 1006, summary charts are admissible if they are based upon evidence that is: (i) voluminous, (ii) admissible, and (iii) available to the opponent. *United States v. Strissel*, 920 F.2d 1162, 1163-64 (4th Cir. 1990). Some of the evidence underlying the government's summary charts will be offered for admission; however, it is not necessary that all of the evidence depicted in the charts be admitted as long as it is otherwise admissible. "It is well established that summary evidence is admissible under Rule 1006 only if the underlying materials upon which the summary is based are admissible." *United States v. Hevener*, 382 F. Supp. 2d 719, 729 (E.D. Pa. 2005) (citing *United States v. Pelullo*, 964 F.2d 193, 204 (3d Cir. 1992)). The summary charts will be presented to the defendant for review prior to the summary witness's testimony.

**E. Use of Agents' Notes and Reports to Cross-Examine Witnesses**

The government has provided the defense with reports of witness interviews by government agents. To the extent that the agents who prepared the reports testify, those reports, if materially inconsistent with the agents' testimony, provide an appropriate basis for impeachment of those agents. However, under the Federal Rules of Evidence, those reports may not be used to impeach the subject of the underlying interview unless the subject has somehow adopted those reports or notes. *See United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) ("[A] 'third party's characterization' of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization. . . . Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words." (citation omitted)).

The burden "of proving that notes reflect the witness's own words rather than the note-taker's characterization falls on the party seeking to introduce the notes." *Id.* In this case, the defendant should not be permitted to admit notes or reports to impeach the underlying subjects of those interviews or cross-examine witnesses using any portion of the statement.

## VII. CONCLUSION

The government requests leave to file such other and supplemental memoranda as necessary during the course of the trial.

Respectfully submitted,

DAVID METCALF
United States Attorney

*s/ David J. Ignall*
DAVID J. IGNALL
JESSICA RICE
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Government's Trial Memorandum to be electronically served by electronic court filing on the following counsel:

Isaac Jadon Artigue, Federal Community Defender Office
Jonathan Alan McDonald, Federal Community Defender Office
*Counsel for Manoach Chayaud*

*s/ Jessica Rice*
JESSICA RICE
Assistant United States Attorney

Dated: August 21, 2026